**UNITED STATES of America, Plaintiff,**

v.

**James M. REA, Mayor of the City of Notasulga, Alabama, Defendant. Civ. A. No. 637–E.**

United States District Court
M. D. Alabama, E. D.
Feb. 14, 1964.

Ben Hardeman, U. S. Atty., Montgomery, Ala., John Doar and St. John Barrett, Attorneys, Department of Justice, Washington, D. C., for plaintiff.

Roberts H. Brown and Carl E. Maye, Opelika, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the pleadings, testimony of the several witnesses taken in open court, the exhibits offered and admitted into evidence to the testimony of the several witnesses, and the pleadings and orders entered in Civil Action 604–E, Anthony T. Lee et al., Plaintiffs, United States of America, Plaintiff and Amicus Curiae v. Macon County Board of Education et al.

Upon consideration thereof, this Court now proceeds to make the appropriate findings of fact, conclusions of law and order.

This Court in August, 1963, by formal orders that were made and entered in Civil Action 604–E, Anthony T. Lee and others as Plaintiffs, United States of America as Plaintiff and Amicus Curiae,

and the Macon County Board of Education and others as Defendants, enjoined the Macon County Board of Education and the individual members of that Board from failing to make an immediate start for the school term commencing September, 1963, in the desegregation of the schools of Macon County, Alabama, public school system, through the use of the Alabama School Placement Law without any discrimination on the basis of race or color. This Court, in that same action, on February 3, 1964, upon proper showing, entered a temporary restraining order against the Macon County Board of Education and the individual members thereof, and the Alabama State Board of Education and the individual members thereof, from, among other things, preventing or attempting to prevent, or interfering with the students Anthony T. Lee, Robert Judkins, Jr., Willie B. Wyatt, Jr., Patricia Jones, Marsha Sullins, and Shelby Chambliss, from transferring to and being admitted in the Macon County High School at Notasulga, Alabama, not later than Wednesday, February 5, 1964. As stated, that order was made and entered on February 3, 1964.[1]

This Court now finds that this defendant, James M. Rea, after receiving notice of that order enjoining and restraining the Macon County Board of Education and the individual members thereof, and the Alabama State Board of Education and the individual members thereof, from preventing the transfer of those named students to the Macon County High School at Notasulga, Alabama, commencing not later than Wednesday, February 5, 1964, secured the passage of, or was instrumental in securing the passage of, on the night of February 3, 1964, two ordinances that have been admitted in evidence in this case and marked for identification as Plaintiff's Exhibits Nos. 46 and 47, No. 46 being known by its short title, "Civil Disturbance Ordinance of the Town of Notasulga," and No. 47 being known by its short title, "Safety

1. Lee et al. v. Macon County Board of Education et al., CA No. 604–E, M.D.Ala., Feb. 3, 1964.

Ordinance of the Town of Notasulga." The Court further finds from the evidence in this case that the action on the part of defendant James M. Rea in securing the passage, or being instrumental in securing the passage, of these ordinances was for the purpose of using these ordinances as a devious means of interfering with this Court's order of February 3, 1964, as that order related to the admission and attendance of the six Negro children in the Macon County High School at Notasulga, Alabama. This Court further finds that the passage and the use of these ordinances by the defendant, James M. Rea, was a subterfuge and said ordinances were designed to be used, and were used, to interfere with and obstruct the admission of the six Negro children in the Macon County High School, which admission was ordered and required by this Court's order of February 3, 1964.

This Court further finds from the evidence in this case that the use of the Fire Ordinance, Plaintiff's Exhibit No. 47 in this case, to the extent that the maximum number of persons that Mayor Rea, acting in his capacity as Mayor and/or Safety and Fire Prevention Inspector, allocated to the Macon County High School and the churches and the beer taverns had no rational basis; that the allocation of the maximum number of persons that were to be allowed in the buildings to which allocations were made had no bona fide relationship to the construction or the exits and the time necessary for evacuation of the buildings involved. For instance, this Court specifically notes from the evidence in this case that Mayor Rea obtained from the principal of the Macon County High School at Notasulga, Alabama, prior to the time that he made an allocation of the maximum number of students and teachers for the Macon County High School, information that there was an average daily attendance of one hundred sixty-five (plus) of students and nine teachers, making a total of one hundred seventy-four (plus), and he, acting in his capacity as Mayor and/or Safety and Fire Prevention Inspector, made a determination that the maximum number of students and teachers that would be allowed in the building at any one time would be one hundred seventy-five.

This Court concludes that it has jurisdiction of this matter and that this proceeding is ancillary to the original suit; that this Court has the authority and the duty to proceed in his case, not only to protect the rights of the original plaintiffs in Civil Action 604–E, but to protect the authority and the integrity of the judicial process of the United States District Court for the Middle District of Alabama.

This Court further concludes that the Negro plaintiffs in Civil Action 604–E, and other members of their race, have been by this defendant's action illegally deprived of their constitutional rights to attend the public schools in Macon County, specifically the Macon County High School at Notasulga, Alabama, without being discriminated against because of their race or color. This Court further concludes that the plaintiff United States of America is entitled in this case to the relief it seeks, that is, a preliminary injunction against the defendant Rea, his agents, his employees, his successors in office, and those acting in concert with him.

It is, therefore, the ORDER, JUDGMENT and DECREE of this Court that James M. Rea, his agents, his employees, his successors in office, and those acting in concert with him, be, and each is hereby, enjoined from:

(1) Blocking, preventing, or interfering with Anthony T. Lee, Robert Judkins, Jr., Willie B. Wyatt, Jr., Patricia Jones, Marsha Sullins, and Shelby Chambliss, or any other members of their class, in their entering and attending or traveling to and from the Macon County High School at Notasulga, Alabama;

(2) Interfering with or obstructing any other Negro student who may hereafter enroll or seek to attend the Macon County High School at Notasulga, Ala-

bama, pursuant to any order of this Court;

(3) Interfering with or obstructing students, whether they be white or Negro, any teachers, whether they be white or Negro, or any other personnel authorized by the Macon County Board of Education, from entering or attending, teaching, or working at the Macon County High School, Notasulga, Alabama, for the purpose of interfering with or impeding the operation of that school in compliance with this Court's order;

(4) Failing to maintain the peace and order and to enforce the lawful ordinances and regulations of the City of Notasulga in and around the Macon County High School at Notasulga in such a manner and by such means as not to interfere with the attendance of the students at the school in accordance with the orders of this Court made and entered in this case, or in accordance with the order of this Court made in Civil Action 604–E, where Lee and others are the plaintiffs, the United States of America is plaintiff and amicus curiae, and the Macon County Board of Education and the individual members thereof, and the Alabama State Board of Education and the individual members thereof, are the defendants;

(5) Using any ordinance or law or authority of his office, specifically the ordinances that have been admitted in evidence in this case as Plaintiff's Exhibit No. 46, referred to as "Civil Disturbance Ordinance of the Town of Notasulga," and Plaintiff's Exhibit No. 47, referred to as the "Safety Ordinance of the Town of Notasulga," for the purpose of preventing or interfering with the admission and attendance of Anthony T. Lee, Robert Judkins, Jr., Willie B. Wyatt, Jr., Patricia Jones, Marsha Sullins, and Shelby Chambliss, or any other members of their race, in and to the Macon County High School at Notasulga, Alabama.

The United States Marshal for this district is ORDERED and DIRECTED to serve a copy of this order and injunction, together with a copy of the temporary restraining order made and entered in Civil Action 604–E on February 3, 1964, upon James M. Rea of Notasulga, Alabama.

This Court specifically retains jurisdiction of this cause for all purposes.